COMMONWEALTH *vs.* ELBRIDGE G. WILSON.

It is a fatal variance, in an indictment for uttering and publishing as true a forged bank bill, to omit the name of the State in the upper margin of the bill, if not repeated in the body thereof.

INDICTMENT on Rev. Sts. *c.* 127, § 2, charging the defendant with uttering and publishing as true, with intent to defraud, and knowing the same to be altered, false, forged and counterfeit, a certain altered, false, forged and counterfeit promissory note for the payment of money, " of the tenor following, that is to say: President, Directors and Co. of the Atlantic Bank will

pay ten dollars to bearer on demand. Portland, Mar. 1, 1851. W. H. Stephenson, Cash. J. B. Osgood, Pres't."

The note produced in evidence at the trial in the court of common pleas, at June term 1854, corresponded to the description in the indictment, but also had the words " State of Maine" in the upper margin. And the defendant contended that this was a variance from the note declared on. But *Mellen*, C. J. overruled the objection. And the defendant, being found guilty, alleged exceptions.

*B. F. Butler*, for the defendant.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

THOMAS, J. There is a material variance between the instrument produced and that set forth in the indictment. The words " State of Maine " are part of the date, and so part of the contract. They fix the *situs* of the bank, the place where the contract is made and to be performed, and the law by which it is to be interpreted.

The case is clearly distinguishable from those of *Commonwealth* v. *Bailey*, 1 Mass. 62, and *Commonwealth* v. *Stevens*, 1 Mass. 203. In the indictment in each of those cases, the entire contract was fully and precisely set out. The words omitted, the number of the bill, and the words and figures at the top or in the ·margin, were immaterial, because the contract was complete without them. The number was held to be affixed for the convenience of the bank only. The figures and words in the margin were but a repetition of those in the body of the note. .

In the case of *Commonwealth* v. *Taylor*, 5 Cush. 605, also, the words and figures omitted formed no part of the contract. The words " three dollars " and " Mass." were immaterial, not because they were in the margin, but because they were also in the body of the note, and the contract was complete without them. *Commonwealth* v. *Taylor* was decided upon the point settled in *Commonwealth* v. *Bailey* and *Commonwealth* v. *Stevens*, that if all that was evidence of the contract was precisely set out, it was sufficient.

In the present case, the defect was in omitting that which made part of the evidence of the contract.

*Exceptions sustained.*